UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAYMOND PRATT,
Plaintiff,

vs.

STATE OF OHIO, et al.,
Defendants.

Case No. 1:15-cv-510

Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Cincinnati, Ohio and former inmate at the Hamilton County Justice Center, has filed a complaint in this Court.[1] (Doc. 6). Plaintiff has previously been granted leave to proceed *in forma pauperis*. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This matter is also before the Court on plaintiff's second motion for leave to proceed *in forma pauperis*. (Doc. 5).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff

---

[1] Plaintiff's initial filing was styled as a motion for removal and requested that the Court construe the action as a writ of habeas corpus. (Doc. 1). In response to the filing, the undersigned issued an Order directing plaintiff to file an amended motion to remove (specifying the case that he would like removed to this Court), file a completed civil complaint, and/or submit a completed habeas corpus petition. (Doc. 2). Plaintiff responded to the Order by filing a completed civil complaint. (Doc. 6).

cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. at 328-29; *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff, who is proceeding pro se, brings this action against defendants the Hamilton

2

County Prosecutor's Office, the Hamilton County Sheriff, and the Hamilton County Recorder's Office.[2] Plaintiff alleges that on June 23, 2015, the Colerain Township Police Department "conducted a racial profile." (Doc. 6, PageID# 15). He further alleges that "there was a fake capias out of jurisdiction capias for my arrest which was alleged to [have] been of two years ago." (*Id.*). It appears from the allegations in the complaint that plaintiff was arrested on two-year-old menacing charges and held for fifteen days in the Hamilton County Justice Center. (*See id. See also* Doc. 1, PageID# 1). According to plaintiff, the charges against him were or should have been dismissed for want of prosecution and that his resulting imprisonment constituted false arrest and cruel and unusual punishment.

For relief, plaintiff seeks a declaratory judgment that his arrest was unconstitutional. He further seeks punitive damages for false imprisonment and cruel and unusual punishment.

Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted. As to defendants Hamilton County Prosecutor's Office and the Hamilton County Recorder's Office, the complaint should be dismissed because the county offices are not "persons" within the meaning of §1983 or legal entities that are capable of being sued. *See, e.g., Henry v. Allen*, No. 1:13-cv-701, 2013 WL 9839229, at *4 (S.D. Ohio Dec. 20, 2013) (Report & Recommendation) (finding that the Hamilton County Prosecutor's Office is not a legal entity capable of being sued), *adopted,* 2014 WL 5475275 (S.D. Ohio Oct. 29, 2014); *Schleiger v. Gratiot Cty. Prosecutor's Office,* No. 4:11-cv-13380, 2011 WL 7006407, at *2 (E.D. Mich. Nov. 30, 2011) (Report & Recommendation) (citing numerous cases holding that a county prosecutor's office is not an entity subject to suit under § 1983), *adopted,* 2012 WL 95757 (E.D.

---

[2] Plaintiff also named the State of Ohio as a defendant in his initial filing. However, as noted below, the complaint should be dismissed against the State of Ohio.

3

Mich. Jan. 12, 2012). The complaint should therefore be dismissed against these defendants.

With regard to defendant Hamilton County Sheriff, plaintiff's sole allegation is that he filed a prisoner grievance with the Hamilton County Sheriff but was unsuccessful. (Doc. 6, PageID# 13). This allegation fails to state a claim that implicates federal constitutional concerns because plaintiff has no right under the Constitution to an effective prison grievance procedure. *See Williams v. Harris,* No. 1:11-cv-362, 2011 WL 3667438, at *3 (S.D. Ohio June 15, 2011) (Report and Recommendation) (recommending dismissal of complaint against prison official responsible for responding to institutional grievances because the plaintiff had "no constitutional right to an effective grievance procedure"), *adopted*, 2011 WL 3667389 (S.D. Ohio Aug. 22, 2011); *see also Walker v. Michigan Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) (and cases cited therein); *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003) (and cases cited therein); *Overholt v. Unibase Data Entry, Inc.*, No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000). Absent any allegation that the Hamilton County Sheriff violated plaintiff's constitutional rights, the complaint should be dismissed against this defendant.

To the extent that plaintiff seeks to name Hamilton County as a defendant, the complaint must still be dismissed. To state a claim for relief against Hamilton County for his injuries, plaintiff must allege that "those injuries were the result of an unconstitutional policy or custom of the County." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); *Doe v. Claiborne Cty.*, 103 F.3d 495, 507 (6th Cir. 1996). *See also Polk Cty. v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal

4

link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). In this case, plaintiff has alleged no facts indicating that Hamilton County or the Hamilton County Prosecutor's Office, the Hamilton County Sheriff, or the Hamilton County Recorder's Offices were acting pursuant to a governmental policy or custom in allegedly violating plaintiff's rights. Therefore, plaintiff has failed to state a viable § 1983 claim against these defendants.

Finally, to the extent that plaintiff names the State of Ohio as a defendant in this action (*see supra* note 2), the complaint must be dismissed because the State of Ohio is immune from suit in this federal court. Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar prohibiting lawsuits against a state in federal court do not apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976). Nor has plaintiff sued a state official seeking prospective injunctive relief against future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). In addition, Congress has not "explicitly and by clear language" expressed its intent to "abrogate the Eleventh Amendment immunity of the States" when enacting Section 1983. *See Quern v. Jordan,* 440 U.S. 332, 341-43, 345 (1979). Therefore, the State of Ohio is immune from suit in

this case and plaintiff's complaint should be dismissed.

Accordingly, in sum, the complaint should be dismissed because plaintiff has failed to state a claim upon which relief may be granted.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED** on the ground that the complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff's second motion to proceed *in forma pauperis* be **DENIED** as moot.

3. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 9/16/15

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

RAYMOND PRATT,
    Plaintiff,

vs.

STATE OF OHIO, et al.,
    Defendants.

Case No. 1:15-cv-510

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).